## Case No. 16,450.

### UNITED STATES v. TEN THOUSAND CIGARS.

[2 Curt. 436.] [1]

Circuit Court, D. Maine. Sept. Term, 1855.

CUSTOMS LAWS — FORFEITURES — OMISSION FROM MANIFEST—SMUGGLING.

1. Under the 24th section of the collection act of 1799 (1 Stat. 646), an importation without a manifest is complete, when the goods are brought within the limits of a port of entry, with the intention of landing them there, and no manifest of them has been made out. The forfeiture is not saved by making a manifest after the arrival of the vessel within such a port, though before it is demanded by an officer of the customs.

[Cited in The Missouri, Case No. 9,652; Id., 9,653; McLean v. Hager, 31 Fed. 606; Kidd v. Flagler, 54 Fed. 369; The Coquitlam, 57 Fed. 718.]

2. Under the same section, the master who takes goods on board without any bill of lading or invoice, with the intention to smuggle them or duly enter them as he may elect, must be deemed the consignee, though the goods were to go to the use of a third person.

[Distinguished in U. S. v. Hutchinson, Case No. 15,431.]

[Appeal from the district court of the United States for the district of Maine.]

Mr. Rand, for appellant.

Mr. Shepley, U. S. Dist. Atty.

CURTIS, Circuit Justice. This libel of information was filed in the district court, founded on a seizure, made by the collector of the customs for the port of Portland, of a quantity of cigars, alleged to be forfeited for a violation of the 24th section of the collection act of 1799 (1 Stat. 646). The district court having decreed a forfeiture, the claimant appealed. The evidence satisfactorily shows that these cigars were put on board in Cuba, with the expectation that the master would smuggle them, and deliver them to one Davis, at Portland, the port of destination of the vessel; that they

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

were not shipped under any bill of lading, or accompanied by any invoice; that after the vessel arrived at the wharf in Portland, and a custom-house officer came on board, the master, for the first time, entered them on the manifest. The 24th section of the collection act provides, "That if any goods, wares, or merchandise, shall be imported or brought into the United States, in any ship or vessel whatever, belonging in whole or in part to any citizen or citizens, inhabitant or inhabitants, of the United States, from any foreign port or place, without having a manifest, or manifests, on board, agreeably to the directions of the foregoing section, or which shall not be included or described therein, or shall not agree therewith; in every such case the master, or other person having the charge or command of such ship or vessel, shall forfeit and pay a sum of money equal to the value of such merchandise not included in the manifest or manifests, and all such merchandise not included in the manifest, belonging or consigned to the master, mate, officers, or crew of such ship or vessel, shall be forfeited." The next preceding section, which is thus referred to, directs the manner in which the manifest shall be made, and the particulars it shall contain. The next following section (25th) requires the master, on his arrival within four leagues of the coast, upon demand by any officer of the customs first coming on board, to exhibit a manifest or manifests of the cargo; and the 26th section inflicts a penalty for the failure so to do. It was argued, in behalf of the United States, that these sections show it was the duty of the master to complete his manifest, before arrival within four leagues of the coast. This may be so; and at all events, he incurs a penalty, if, in consequence of his not having completed his manifest, he fails to comply with the demand described in the 25th section. But under the 24th section the question is not whether the master has done his entire duty as to making and exhibiting a manifest, and giving a copy thereof, but whether goods have been imported into the United States, without having such a manifest thereof on board, as is described in the 23d section. And I am of opinion that this case is within this prohibition. The vessel had arrived within the limits of the port of Portland, which was her port of destination and entry, where these cigars, as well as the residue of her cargo, were to be landed. An importation is complete when the goods are brought within the limits of a port of entry, with the intention of unlading them there. U. S. v. Vowell, 5 Cranch [9 U. S.] 368; Arnold v. U. S., 9 Cranch [13 U. S.] 104; Brown v. Maryland, 12 Wheat. [25 U. S.] 453; Meredith v. U. S., 13 Pet. [38 U. S.] 494; Harrison v. Vose, 9 How. [50 U. S.] 381; U. S. v. Lyman [Case No. 15,647]. These cigars were therefore "imported or brought into the United States, from a foreign port or place, without having a manifest on

board;" and as the vessel is admitted to have belonged to citizens of the United States, the forfeiture was incurred, if they were "con-signed to the master," within the meaning of the act. There was no regular consignment of the goods, made by a bill of lading and invoice; but it cannot be that the omission of these documents saves the goods from forfeiture. All that is required is, that the master should in fact be the consignee. By what means he is made so is not material. It is argued that Davis, for whose use it is supposed the cigars were to go, and not the master, was the consignee. But it does not make Davis the consignee, that the cigars were for his use. He had no title to them under which he could have received and entered them at the custom-house; nor, indeed, under which he could have exercised any control over the property, save through the permission and acts of the master. The latter had the entire possession and control of the property, on its arrival, and he alone can be deemed the consignee. His own account of the transaction is, that he did not promise the shipper to smuggle them; that his final intention was not to do so; and, accordingly, he entered them on the manifest. He had the possession and control therefore, not merely as master, for their transportation and the collection of freight, but for their entry here, or their delivery to Davis unlawfully, as he should elect. He must be deemed the consignee within the meaning of the act. The decree of the district court is affirmed.