Having held in the case of *United States* v. *Field & Co.*, 14 Ct. Cust. Appls. 376, T. D. 42031, that merchandise of the same general character as this was not dutiable under the provisions of paragraph 1310 in question, because such provisions were intended to cover only such books as were "susceptible of authorship;" and that "a mere mechanical production such as the importations here is not, we think, susceptible of authorship as that word is used in the paragraph;" it follows that the merchandise in question is not dutiable as claimed in the protest; and that the judgment should be reversed.

---

## UNITED STATES *v.* FIELD & Co. (No. 2802)[1]

IMPORTATION, TIME OF—SAMPLES IN BOND.

Unless it clearly appears that Congress otherwise intended, "importation" means bringing goods within the limits of the United States with the intention to unlade. Section 308, Tariff Act of 1922, permits the importation free, of samples under bond for "exportation within six months from the date of importation." Such, exported less than six months after entry, but more than six months after importation, as thus defined, were dutiable.

United States Court of Customs Appeals, March 9, 1927

APPEAL from United States Customs Court, Abstract 92

[Reversed.]

*Charles D. Lawrence*, Assistant Attorney General (*Marcus Higginbotham*, special attorney, of counsel), for the United States.
*James W. Bevans* for appellee.

[Oral argument January 25, 1927, by Mr. Lawrence and Mr. Bevans]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Lace samples arrived at the port of New York on the 31st day of March, 1924, and on the 11th of April they were entered under section 308 of the Tariff Act of 1922 as "samples solely for use in taking orders for merchandise." On the last-named date the importing company executed a bond in which it obligated itself to export the

samples within six months after their importation and to pay the duties to which the laces were subject in case they were not so exported. The laces were delivered for exportation to the appraiser's stores on October 1, 1924, and were assessed with duty at 90 per centum ad valorem under paragraph 1930 of the Tariff Act of 1922, because of failure to export the goods within six months after their importation. The importer protested that the six months period during which exportation of the laces might be made under section 308 had not expired on October 8, 1924, when application to export them was presented to the customs officials. The United States Customs Court sustained the protest and the Government appealed.

It is undisputed that no application was made to the customs officers for the exportation of the goods imported and that the goods were not presented for exportation until more than six months after they had crossed the customs line with intent to unlade.

The importer contends that goods are not imported within the meaning of section 308 until after they have passed out of the custody and beyond the control of customs officials, and that, therefore, the six months' period for exportation prescribed by that section did not begin to run prior to the 11th of April, 1924, the date on which entry of the goods was made and a bond for their exportation executed.

We can not agree with that contention. Unless it clearly appears that Congress otherwise intended, the word "importation" means the bringing of goods within the jurisdictional limits of the United States with the intention to unlade them. *Kohne* v. *Insurance Co.*, 1 Wash. C. C. 138, 165; the *Mary*, 16 Fed. Cas. 932, 933; *Perots et al.* v. *United States*, 19 Fed. Cas. 258; *United States* v. *Boyd*, 124 Fed. Cas. 692, 694; *United States* v. *Dodge*, 25 Fed. Cas. 878; *United States* v. *Ten Thousand Cigars*, 28 Fed. Cas. 30; *Kidd* v. *Flagler*, 54 Fed. 367, 369; *Arnold* v. *United States*, 9 Cr. 104, 108, 109; *Harrison* v. *Vose*, 9 How. 372, 380; *Marriott* v. *Brune*, 9 How. 619, at p. 631.

Importation, in a like sense, consists in bringing an article into a country from the outside. If there be an actual bringing in, it is importation regardless of the mode in which it is effected. Entry through a customhouse is not of the essence of the act. *Cunard S. S. Co.* v. *Mellon*, 262 U. S. 100, at p. 122.

To give effect to the words of the importer, we must consider section 308 to mean that samples imported may be exported within six months after the date of entry and that we can not do without doing violence to the intention of Congress expressed in plain, unambiguous, and unmistakable language. There is absolutely nothing in the language of section 308 or in any other part of the act indicating that Congress intended to say date of entry instead of date of importation.

It may be that it would have been wiser to have allowed the importer to export his samples within six months after the date of

entry but as Congress did not so provide it does not lie with the courts to legislate into the provision under consideration language which Congress might have used but did not use. The courts may be out of sympathy with a law which is unsound or which perpetrates a wrong or injustice but they can not give way to their feelings in the matter if the enactment be constitutional and couched in language which is not open to interpretation.

In the case of *United States* v. *Estate of Boshell,* 14 Ct. Cust. Appls. 273, T. D. 41884, this court decided the precise question here involved. In that case Judge Barber reviewed all the cases upon which the importer relied and pointed out that the statutes there invoked were made applicable to merchandise already imported and that it was held that the importation *for the purpose of such statutes* was not complete until entry was made. The statute in some of those cases expressly provided that goods should take the duty not of the act in force at the time they passed the customs line but of the act in force on the date of actual entry. The court sees no reason for receding from the decision reached in the *Boshell* case which was concurred in by all the members of the court and we must regard that case as decisive of the legal question raised by the present appeal. To do otherwise would result in ignoring the definitions given to the word "importation" by the Federal appellate courts and in a substantial reversal of many of the cases cited in Judge Barber's opinion.

The judgment of the United States Customs Court sustaining the protest of the importer is *reversed.*