(C. D. 185)

ATLAS MARINE SUPPLY CO. v. UNITED STATES

United States Customs Court, Third Division

(Decided June 22, 1939)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: This is a suit against the United States, arising at the port of Los Angeles, to recover additional duty claimed to have been assessed improperly at the rate of 10 per centum ad valorem under the provisions of section 304 (b) of the Tariff Act of 1930 on the ground that the merchandise was not legally marked when imported.

It appears from the record in this case that the merchandise in issue consisted of lubricating oil in wooden barrels which was entered for warehouse on September 21, 1935; that the barrels containing the oil were not legally marked when the merchandise arrived; that the merchandise was all exported from bonded warehouse under customs supervision and none was withdrawn for consumption in the United States.

The pertinent parts of the provision assessing additional duty under section 304 (b) read as follows:

\* \* \* there shall be levied, collected, and paid on such article, *unless exported under customs supervision*, a duty of 10 per centum of the value of such article, in addition to any other duty imposed by law \* \* \*. [Italics ours.]

The plaintiff claims that, since the goods were never withdrawn from customs custody for consumption but were exported directly from bonded Government warehouse under customs supervision with-

out having entered the commerce of the United States, the additional duty should not have been assessed under the provisions of section 304 (b) above quoted.

A similar issue was presented to the court in the case of *S. J. Semaira* v. *United States*, T. D. 49421, but in that case the merchandise was entered for consumption and was withdrawn from customs custody, marked after importation so as to indicate the country of origin under instructions of the customs authorities, and subsequently returned to customs custody and exported under customs supervision. In that case it was held that the importers could not recover the additional duty because of the provisions of section 558 of the Tariff Act of 1930 which prohibited a refund of duty on the exportation of any merchandise after it is released from the custody or control of the Government, except articles produced in whole or in part from imported materials, where refund is permitted under the drawback provisions in section 313 of the same act. In the case now before the court the merchandise was never withdrawn from customs custody, and therefore the provisions of section 558 have no application to this shipment.

Another case in which the same point was presented is *W. B. Foulke* v. *United States*, T. D. 46290, in which case the merchandise was entered under section 308 of the Tariff Act of 1922 and bond given for the payment of the duty conditioned on the nonexportation of the goods within six months after arrival. The articles were not exported during the term of the bond but were exported within a reasonable time after the collector demanded payment of the additional duty. The court held that, under the particular language of section 304 of the Tariff Act of 1922, reading "unless the article is exported under customs supervision," the law did not require the payment of the additional duty for failure to mark the articles so as to indicate the country of origin thereof.

Although the wording of the provisions of section 304 of the Tariff Act of 1922 was changed in the enactment of the same-numbered section in the Tariff Act of 1930, the words "unless the article is exported under customs supervision" were reenacted in the provision, and in order to give any application thereto, it must be held that the marking duty should not be assessed when unmarked merchandise is exported under customs supervision without having been withdrawn from the custody and control of the Government, as was the oil in the instant case.

The defendant cites *United States* v. *Estate of Boshell*, 14 Ct. Cust. Appls. 273, T. D. 41884, *United States* v. *Field & Co.*, 14 Ct. Cust. Appls. 406, T. D. 42052, and *Porto Rico Brokerage Co., Inc., et al.* v. *United States*, 23 C. C. P. A. 16, T. D. 47672, holding that imported

merchandise is that which is brought within the limits of a port of entry with intention there to unlade. There is no doubt that the merchandise herein was imported, but the cases cited did not involve the marking law, and provisions similar to those contained in section 304 (b) were not considered. Those decisions have no bearing on the issue in this case.

We are of opinion that Congress intended that importers of articles which were not legally marked might export the same under customs supervision without the payment of the marking duty under section 304 (b) of the Tariff Act of 1930, provided that the goods had never been withdrawn from customs custody and had not entered the commerce of the United States. The protest is sustained. Judgment will be entered in favor of the plaintiff.